STATE EX REL. SAM BRUNO v. RALPH H. TAHASH.

157 N. W. (2d) 514.

March 22, 1968—No. 40,773.

*C. Paul Jones,* State Public Defender, and *Robert Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *James N. Bradford,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

PETERSON, JUSTICE.

The sole question for decision on this appeal from the denial of a petition for a writ of habeas corpus is whether time spent subsequent to parole revocations in the custody of local police authorities on charges of crimes should be credited toward the expiration of appellant's sentence.

Appellant, Sam Bruno, was sentenced to the St. Cloud Reformatory December 26, 1950, for the crime of first-degree grand larceny. Since then he has been paroled four times, and each time parole has been revoked for a violation. Two of the parole revocations were for convictions—in February 1954 for burglary and in February 1959 for first-degree grand larceny. A third parole revocation in December 1963 involved occurrences resulting in appellant's being tried twice on unspecified charges, although in both of these trials appellant was found not guilty. The reason for the fourth parole revocation on May 13, 1966, does not clearly appear in the record, but on May 19, 1966, appellant was returned to Stillwater, where he remains at the present time.[1]

During all these times when appellant was in the custody of local authorities on charges of crimes, he was unavailable to the Adult Corrections Commission. Nevertheless, it is appellant's claim that this time should be credited toward the expiration of his sentence on the basis of Minn. St. 609.145, subd. 2, which provides:

"A sentence of imprisonment upon conviction of a felony is reduced by the period of confinement of the defendant following his conviction

---

[1] At oral argument the state conceded that appellant was held during this 6-day period under a warrant from the Adult Corrections Commission. Presumably, therefore, the commission will take care of appellant's claim with regard to this period.

and before his commitment to the commissioner of corrections for execution of sentence unless the court otherwise directs."

This statute does not control the instant case since it refers on its face to a period other than that following the revocation of parole.

Appellant also claims that the failure to credit his sentence with time spent in county jails after revocation of parole and before return to the State Prison is a violation of his constitutional right to equal protection of the law. Since appellant's apprehension and confinement for these periods were the direct result of conduct contrary to the terms of his parole, and since all people in this class are treated similarly, we find this claim to be without merit.

Affirmed.